UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CHARLES KINNEY, | No. C 14-02187 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER** |
| v. | |
| ERIC CHOMSKY, et al., | [Re: ECF No. 8] |
| Defendants. | |

**INTRODUCTION**

On May 12, 2014, Plaintiff Charles Kinney filed a complaint against three Defendants: Eric Chomsky, David Marcus, and Peter Langsfeld. Complaint, ECF No. 1.[1] One week later, he filed a First Amended Complaint naming those same three Defendants. First Amended Complaint ("FAC"), ECF No. 6. Mr. Langsfeld has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Central District of California, and Mr. Chomsky and Mr. Marcus have joined his motion. Motion to Transfer, ECF No. 8; Joinder, ECF No. 25. Defendants also have moved to dismiss Mr. Kinney's claims against them. Langsfeld Motion to Dismiss, ECF No. 14; Chomsky and Marcus Motion to Dismiss, ECF No. 21. All parties have consented to the undersigned's jurisdiction. Langsfeld Consent, ECF No. 9; Kinney Consent, ECF No. 12; Chomsky and Marcus Consent, ECF No. 23. Pursuant to Civil Local Rule 7-1(b), the court

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-02187 LB
ORDER

finds this matter suitable for determination without oral argument and vacates the August 7, 2014 hearing. Upon consideration of the moving papers and the applicable authority, the court **GRANTS** Defendants' motion, **TRANSFERS** this action to the United States District Court for the Central District of California, and declines to rule on Defendants' motions to dismiss.

## STATEMENT

Mr. Kinney, who is an attorney, owns real property in four California counties: Los Angeles County and Orange County (which are located in the Central District of California), as well as Contra Costa County and Alameda County (which are located in the Northern District of California). FAC, ECF No. 6, ¶ 7. He resides in both Alameda County and Orange County, and the mailing address for his law office is in Alameda County. *Id.* ¶¶ 5, 7. In October 2005, Mr. Kinney and a now-deceased woman named Kimberly Kempton purchased real property at 3525 Fernwood Avenue in Los Angeles, California (the "Property"). *Id.* ¶¶ 7, 15. The seller of the Property was a woman named Michele Clark. *Id.* Carolyn Cooper lives at the adjacent real property to the west, and Jeff and Judy Harris live at the adjacent real property to the north, of the Property. *Id.* ¶ 16.

Since 2006, all of these individuals, and others, have been embroiled in numerous civil actions (mostly in state court) relating to those individuals' rights with respect to their properties and public rights of way. *See id.* ¶¶ 18-20; *see also In re Kinney*, 201 Cal. App. 4th 951 (Cal. Ct. App. 2011) (summarizing some of the litigation history among these individuals). Mr. Langsfeld is the Deputy City Attorney for the City of Los Angeles who has represented the City of Los Angeles, and Mr. Chomsky and Mr. Marcus are the attorneys who have represented Ms. Clark, in those actions. *See id.* ¶¶ 8-10. Mr. Langsfeld, Mr. Chomsky, and Mr. Marcus all reside in Los Angeles County. *See id.*; *see also* Langsfeld Decl., ECF No. 8 at 13.

In the instant federal action, Mr. Kinney brings three claims against Mr. Langsfeld, Mr. Chomsky, and Mr. Marcus: one under 42 U.S.C. § 1983 for violating of his First, Fifth, and Fourteenth Amendment rights; a second under 42 U.S.C. § 1985 for conspiring to violate his First, Fifth, and Fourteenth Amendment rights; and a third under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. *See id.* ¶¶ 35-58. Mr. Kinney alleges that Defendants each "participated in the denial of [his] rights . . . for [their] own personal

gain and benefit." *Id.* ¶¶ 8-10.  The gist of his allegations is that Mr. Langsfeld, Mr. Chomsky, and Mr. Marcus have retaliated against him for trying to vindicate his rights through the California court system.  *See generally id.*  As for Mr. Langsfeld, Mr. Kinney alleges that Mr. Langsfeld filed a misleading and deceptive declaration in one of the state court actions, intimidated and threatened him, and acted contrary to California law.  *See id.* ¶¶ 11(f)-11(h).  As for Mr. Chomsky and Mr. Marcus, Mr. Kinney alleges that they improperly filed more than two motions in an effort to add him as a party to a fraud action in state court and to subject him to attorney's fees and costs, improperly filed and recorded liens or abstracts of judgments or both against his real and personal property located in Alameda County in an attempt to collect on those attorney's fees and costs, and improperly prevented further proceedings against Ms. Clark.  *See id.* ¶¶ 11(a)-11(e).  He alleges that all three Defendants acted both in concert and alone to "adversely impact" his real and personal property located in Alameda County, his real property located in Los Angeles County, and his law practice.  *See id.* ¶ 11(j).

All three Defendants have moved to dismiss Mr. Kinney's First Amended Complaint, and Mr. Chomsky and Mr. Marcus have joined Mr. Langsfeld's motion to transfer the action to the United States District Court for the Central District of California.  Motion to Transfer, ECF No. 8; Langsfeld Motion to Dismiss, ECF No. 14; Chomsky and Marcus Motion to Dismiss, ECF No. 21; Joinder, ECF No. 25.  Mr. Kinney has opposed Defendants' motion to transfer and Mr. Langsfeld's motion to dismiss, Opposition to Motion to Transfer, ECF No. 13; Opposition to Langsfeld Motion to Dismiss, ECF No. 19, and the time for him to oppose Mr. Chomsky and Mr. Marcus's motion to dismiss has not yet passed.  Mr. Langsfeld filed a reply in support of the motion to transfer, Reply in Support of Motion to Transfer, ECF No. 16, and in support of his motion to dismiss, Reply in Support of Langsfeld Motion to Dismiss, ECF No. 20.

## ANALYSIS

### I.  LEGAL STANDARD

A party may challenge venue in district court under two statutes:  28 U.S.C. § 1406(a) for improper venue, and 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice.

### A. 28 U.S.C. § 1406(a)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," may transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (if a court decides to dismiss a case for improper venue, dismissal must be without prejudice). Ordinarily, the interest of justice requires transferring the case to the proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir. 2001) (quotations and citations omitted).

After a defendant challenges the venue, it is the plaintiff's burden to show that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In the context of a motion under Rule 12(b)(3), the court need not accept as true all allegations in the complaint, but may consider facts outside the pleadings. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). However, the court "is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

### B. 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision rather than a codification of the common law. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Memorial Coliseum Comm. v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981) *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate

motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may also consider, "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) *cert. denied*, 485 U.S. 993 (1988). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*. Moreover, when a plaintiff brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. *Id*.

**II. DISCUSSION**

Because Defendants move to transfer this action under 28 U.S.C. § 1404(a), it is their burden to show that transfer to the Central District is appropriate. *Commodity Futures Trading Commission*, 611 F.2d at 279. The court finds that they have.

Defendants first must show that Mr. Kinney could have brought his action in the Central District. They have: the general venue requirements of 28 U.S.C. § 1391(b) are met because all three Defendants reside in the Central District, a substantial part of the events occurred there, and all three Defendants may be found there. *See* Motion to Transfer, ECF No. 8 at 8-9. Mr. Kinney concedes this point. *See* Opposition to Motion to Transfer, ECF No. 13 at 6 ("This civil rights and RICO case could have been filed in Los Angeles . . . .").

Defendants next must show that the transfer serves the convenience of the parties and will promote the interests of justice. As for the parties, all three Defendants reside and work in Los Angeles, and while the mailing address for Mr. Kinney's law office is in Alameda County, Mr. Kinney resides in *both* Alameda County *and* Orange County. So, all four parties to this action reside in the Central District of California.

As for the interests of justice, the majority of the relevant factors support transferring the action. Two factors are neutral: there do not appear to any relevant agreements that were negotiated and executed in either District, and the courts in both Districts are equally familiar with the governing California law. One factor—Mr. Kinney's choice of forum—favors keeping the action in the Northern District. But the remaining five factors favor transferring the action to the Central District. The parties have many more contacts with the Central District than they do the Northern District. While Mr. Kinney's alleges that Mr. Chomsky and Mr. Marcus improperly filed and recorded liens or abstracts of judgments or both against his real and personal property located in Alameda County (and so there are some contacts relating to Mr. Kinney's claims in the Northern District), most of his allegations involve Defendants' actions in the legal proceedings that took place in the Central District. The costs of litigation will be lower if the action is heard in the Central District because all four parties, and all of the identified witnesses, are located there. Although Mr. Kinney argues that there are no non-party witnesses, *see* Opposition to Motion to Transfer, ECF No. 13 at 7, Defendants contend otherwise. They say that Ms. Clark, Ms. Cooper, and the Harrises may have illuminating testimony regarding Mr. Kinney's allegations, *see* Reply, ECF No. 16 at 3, and they are all located in the Central District. While Ms. Clark, Ms. Cooper, and the Harrises, as California residents, are subject to compulsory process to compel their testimony at a trial in the Northern District, *see* Fed.

R. Civ. P. 45(c)(1)(B)(ii), they are not subject to compulsory process to compel their testimony at a deposition or hearing in the Northern District because Los Angeles is more than 100 miles away, *see* Fed. R. Civ. P. 45(c)(1)(A). And the parties are the primary sources of proof bearing upon Mr. Kinney's allegations, and as stated above, they all are located in the Central District.

Thus, the court finds that transfer of this action to the Central District of California is appropriate under 28 U.S.C. § 1404(a). As this action, after transfer, will be assigned to a court in the Central District, and will not longer be assigned to this court, this court declines to rule on Defendants' pending motions to dismiss.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' motion to transfer, **TRANSFERS** this action to the United States District Court for the Central District of California, and declines to rule on Defendants' motions to dismiss.

This disposes of ECF No. 8.

**IT IS SO ORDERED.**

Dated: July 25, 2014

_____
LAUREL BEELER
United States Magistrate Judge